

Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, NW | Washington, DC 20037-1122 | tel 202.663.8000 | fax 202.663.8007

James P. Bobotek
tel 202.663.8930
fax 202.354.5264
james.bobotek@pillsburylaw.com

April 4, 2014

**VIA ECF FILING**

The Honorable Paul A. Crotty
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

> Re:   *Aspen Specialty Ins. Co., et al. v. 4 NYP Ventures LLC*,
>       No. 1:13-cv-03367-PAC

Dear Judge Crotty:

Pursuant to Rule # 3 C. of Your Honor's Individual Practices, we write on behalf of Defendant 4 NYP Ventures LLC ("4 NYP") in response to Plaintiff insurers' ("Insurers") April 1, 2014 letter seeking a conference with the Court regarding a prospective Rule 36(a)(6) motion to test the sufficiency of 4 NYP's Responses and Objections to certain Requests for Admissions propounded on 4 NYP. This case, arising out of a Superstorm Sandy loss in excess of $100 million, involves a determination of whether and to what extent the Insurers may apply a deductible under the primary policy to their payment obligations under their respective excess insurance policies.

**Introduction**

The Insurers take issue with 4 NYP's responses to Requests 1-4, 17, and 18-20. As an initial matter, none of 4 NYP's responses are insufficient under Rule 36. Requests 1-4 are, by the Insurers' own admission, ambiguous, do not clearly memorialize the Insurers' intent as set forth in their April 1 letter to the Court, and are not drafted in a manner so as to permit an unqualified response. The Insurers admit that 4 NYP's response to Request 17 was not improper in that the Request sought an admission with respect to a section in a document that does not exist. Indeed, the only relief requested is "permission" to serve a "corrected" request. The Insurers need neither the Court's nor 4 NYP's permission to do so. With respect to Requests 18-20, the Insurers assert only that 4 NYP's denials of do not conform to the evidence, which is incorrect. Even were this to be the case, such purported inaccuracy does not provide a proper basis upon which to assert insufficiency of responses pursuant to Rule 36(a)(6). As pointed out to the Insurers, rather than present any of these issues to the Court, the most expedient and least costly path would be for the Insurers to simply propound clear,

The Honorable Paul A. Crotty
April 4, 2014
Page 2

unambiguous, and typographical error-free requests.  For some unknown reason, they have chosen not to.  We respond more fully to each contention below.

**Request for Admissions 1-4**:

Request 1 asks that 4 NYP admit that "Defendant did not receive a copy of the insurance policy issued by Factory Mutual Insurance Company bearing policy number UC089 (the "FM Policy") prior to November 1, 2012."  Requests 2-4 use verbatim language, except to substitute three different insurers' names, respectively, for that of Factory Mutual.  4 NYP objected on the basis of the vague and ambiguous nature of these Requests, denied them as phrased based upon this ambiguity, and also provided an admission based on its good faith interpretation of the language.  Had the Insurers wanted an unqualified response, it was incumbent upon them to draft a request that was not susceptible to differing interpretations.

The Insurers assert that these Requests were "designed to get defendant to admit formally that it did not have in hand any of the policies at issue in this lawsuit until <u>after</u> the October 29, 2012 loss date." (Emphasis in original).  While this may well have been the Insurers' intent, none of the four Requests clearly so state.  4 NYP cannot divine the Insurers' intent when the Requests do not clearly reflect the intent.  Requests 1-4 contain vague and ambiguous wording that does not fairly allow 4 NYP to admit or to deny them without qualification.  *See*, *e.g.*, *Dubin v. E.F. Hutton Group*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989).

The Insurers state that it is "clear and unambiguous that the phrase 'prior to November 1, 2012' modified the time frame within which 4 NYP allegedly received the policy."  When ruling on a motion to determine the sufficiency of answers or objections, the Court considers the phraseology of the requests as carefully as that of the answers or objections.  *Herrera v. Scully*, 143 F.R.D. 545, 549 (S.D.N.Y. 1992).  A simple review of each of Requests 1-4 reveals that they are not clear in this regard.  In fact, during the parties March 20 meet and confer, the Insurers' counsel referred to these requests as ones capable of interpretation in more than one way.  Indeed, "[p]arties are not required to admit or deny requests that consist of statements that are vague or ambiguous."  7 Moore's Federal Practice § 36.10 (3d ed.) (citing *Dubin*, 125 F.R.D. at 376).  The ambiguous nature of Requests 1-4 makes them incapable of being responded to with a simple "yes" or "no."

**Request for Admission 17**:

Request 17 asks 4 NYP to admit that the "Commercial Information" section of a document contains a line for "Flood."  4 NYP denied the request because the referenced document does not contain a "Commercial Information" section.  The Insurers readily admit that they made an error, and that the document does not include a "Commercial Information" section.  Seeking the Court's intervention after propounding a request which is premised upon an admitted factual inaccuracy is improper, and should not be countenanced.  Moreover, the document speaks for itself, obviating the need for any admission.

The Honorable Paul A. Crotty
April 4, 2014
Page 3

Contrary to the Insurers' assertion that 4 NYP refused the Insurers' request to submit a "corrected RFA 17," 4 NYP has never so refused. Moreover, 4 NYP's permission is not required. The Insurers are free to propound a "corrected" request, and should have done so instead of bringing this matter before the Court.

**Request for Admissions 18-20**:

Requests 18-20 relate to an attachment to a certificate of insurance issued to memorialize 4 NYP's property insurance coverage. 4 NYP denied each Request. While the Insurers may not like the response, a flat denial complies with Rule 36's requirements. *See, e.g., Wiwa v. Royal Dutch Petroleum Co.*, No. 96 Civ. 8386 (KMW) (HBP), 2009 U.S. Dist. LEXIS 45621 at *20 (S.D.N.Y. May 21, 2009). The Insurers assert that 4 NYP's denials of Requests 18-20 do not conform to the evidence, which is incorrect. Even were this to be the case, such purported inaccuracy in 4 NYP's responses do not provide a proper basis upon which to assert insufficiency of responses pursuant to Rule 36(a)(6). *Id*. at *20 (stating that "inaccuracy is not a basis for deeming RFA responses insufficient."). The Insurers also contend that the "record evidence is that there has never been an attachment . . . and that defendant never asked for, received or saw such an attachment." If the record evidence is clear on these issues, as Plaintiffs assert, then there would be no good faith need to propound requests for admissions on the issues. The record, however, is to the contrary.

The Insurers also state that they asked 4 NYP for the attachment, and that "4 NYP did not agree at the meet and confer on March 20 to provide that information." While 4 NYP did, at the meet and confer, inform the Insurers that it would not clarify or correct its responses, neither the attachment nor its production was discussed at that time. It is not 4 NYP's burden to inform the Insurers as to where to find documents that are in the Insurers' possession.

**Conclusion**

In sum, the Insurers' Requests for Admissions included many vague and ambiguous requests, including those identified in the Insurers' letter, for which it is not possible to provide a simple, unqualified admission. Instead of seeking the Court's intervention, and recognizing the ambiguous nature of their Requests, the proper procedure would be to propound unambiguous requests. Indeed, this path would be less time consuming for the Court, less costly for all parties, and would provide a more expedient resolution. With respect to Requests 17 and 18-20, the Insurers' positions simply have no merit.

Respectfully submitted,

/s/ James P. Bobotek

James P. Bobotek