

Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, NW | Washington, DC  20037-1122 | tel 202.663.8000 | fax 202.663.8007

Geoffrey J. Greeves
tel 202.663.9228
fax 202.663.8007
geoffrey.greeves@pillsburylaw.com

June 13, 2014

**VIA ECF FILING**

The Honorable Paul A. Crotty
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:   *Aspen Specialty Ins. Co., et al. v. 4 NYP Ventures LLC*,
            No. 1:13-cv-03367-PAC

Dear Judge Crotty:

Pursuant to Rule 3C of Your Honor's Individual Practices, we write on behalf of Defendant 4 NYP Ventures LLC ("4 NYP") in connection with non-party Factory Mutual Insurance Company's ("FM") failure to properly respond to a subpoena served upon it.  4 NYP respectfully requests a pre-motion conference, and permission to file a motion to compel FM to comply with the subpoena.  FM has withheld production of many documents and has flatly refused to appear for its deposition as commanded by the subpoena.

This case, arising out of a Superstorm Sandy loss in excess of $100 million, involves a determination of whether and to what extent a deductible applicable to flood losses exists under the primary policy issued by FM, and whether and to what extent the plaintiff excess liability insurers ("Insurers") may apply the deductible, if any, to their payment obligations under their respective excess insurance policies.  A key issue is whether an endorsement that purportedly increased the deductible applicable to flood losses (and was unilaterally added by FM to its policy) was provided to 4 NYP prior to Superstorm Sandy.  Another issue concerns interpretation of the FM primary policy's ambiguous deductible language.

To that end, on November 6, 2013, 4 NYP served a subpoena on FM (the "Subpoena") that compelled FM to: (i) designate one or more officers, directors or managing agents to testify at a deposition on December 17, 2013; and (ii) produce specific documents by December 2, 2013.  On November 25, 2013, the parties and counsel for FM participated in a conference call to discuss FM's concerns about the breadth of the Subpoena.  During that call, FM informed the parties that it would not produce *any* documents unless the scope of the Subpoena was significantly narrowed to the issues that FM determined on its own are relevant to the subject litigation.  Eventually, on December 20, 2013, FM agreed to produce documents limited to: (i) the FM policy deductible and policy wording/drafting history; and

The Honorable Paul A. Crotty
June 13, 2014
Page 2

(ii) policy/contract formation issues regarding the delivery and timing of the policy endorsement drastically altering the policy's deductible applicable to flood losses.[1]

However, FM has only provided limited documents, and still has not produced all of the documents responsive to the issues identified above. Specifically, FM produced some documents on February 4, 2014. In early May, FM allegedly discovered new responsive documents and tendered a 26-page supplemental production on May 5, 2014. These productions remain incomplete. Subsequent to these productions, 4 NYP received documents from another non-party that contained documents, such as emails sent and received by FM individuals bearing directly on issues germane to this case. FM should have produced its own version of these FM-generated documents, but still has not produced or identified them. Accordingly, FM should be compelled to completely respond to the Subpoena and produce a witness for a deposition in accordance with the Subpoena, to ensure that all responsive documents and information are produced so that the court can properly determine the meaning of the deductible and render a declaratory judgment.

On May 2, 2014 (shortly before FM's second document production), a telephone conference was held. During that conference, counsel for FM stated that FM uncovered newly responsive documents that had been requested months before, but refused to produce a witness for a deposition. FM's position is that, since the Court granted 4 NYP leave to name FM as a third party defendant, it would not produce a witness before it is made a party to the case. However, as 4 NYP has made clear to counsel for FM, the deposition of the FM representative will be limited to: (i) the FM policy deductible and policy wording/drafting history; and (ii) policy/contract formation issues regarding the delivery and timing of the policy endorsement drastically altering the policy's deductible applicable to flood losses. As of today's date, FM has not produced any further documents (even though it obviously has not produced all responsive documents) and has not relented on its refusal to produce a witness for a deposition. Therefore, FM has not complied with the Subpoena.

Based upon the foregoing reasons, Defendant respectfully requests that the Court hold a pre-motion conference, and grant Defendant permission to file a motion to compel FM to comply with the Subpoena. I certify that 4 NYP has made good faith attempts to resolve these issues with FM.

Thank you for your consideration in this matter.

---

[1] On December 16, 2013, FM issued objections to the Subpoena that were untimely – any objections were due no later than November 20, 2013 in accordance with Fed. R. Civ. P. 45(d)(2)(B).

The Honorable Paul A. Crotty
June 13, 2014
Page 3

Respectfully submitted,

    s/

Geoffrey J. Greeves

cc:    All counsel of record (via ECF)
        Robert Cossolini, Esq. (co-counsel for FM, via email)
        Harvey Kurzweil, Esq. (co-counsel for FM, via email)